

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~XXXXXXXX
ATTORNEY GENERAL

Honorable Marvin Hall, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                              Attention : Mr. Girard Kinney

Opinion No. O-1598A
Re:  Does the law prevent a recording
     fire insurance agent from accept-
     ing fire insurance business and
     paying a commission thereon to a
     life insurance agent?

Your recent letter requesting a reconsideration of our Opinion No.
O-1598 has been received.

We quote from your letter as follows:

> "In an opinion received from your office on November 6, 1939,
> this office was advised that the license issued by the Life
> Insurance Department of the Board of Insurance Commissioners
> would not authorize the agent holding such a license to act
> also as an agent, as that term is defined in 5056, supra,
> for fire or casualty insurance companies.  On May 8, 1940, we
> received from one of the recording agents licensed by this
> Department, copy of a letter addressed to Mr. Fanning of the
> Attorney General's office which stated as follows:
>
>> "Under date of November 6, 1939 you addressed an opinion
>> to the Fire Insurance Commission, c/o Mr. Girard Kinney,
>> dealing with the subject of whether or not a life in-
>> surance license permitted a solicitor to accept commis -
>> sions on fire insurance.  This opinion is quite comprehen-
>> sive, and while the law is somewhat ambiguous on the
>> point, we are inclined to agree with you that it was at
>> least the implied intent to make it necessary for a life
>> insurance solicitor to also take out an additional license
>> if he desired to solicit fire and allied forms of insurance.
>>
>> "However, I believe you will agree that it would have been
>> just as easy for you to have rendered an opposite opinion
>> depending on the manner in which you desired to construe
>> the law.

"'Nevertheless, the question which we had up with the Fire Insurance Commissioner really was not "Would a life insurance solicitor have a right to solicit and receive a commission on fire insurance' but 'Does the law prevent a recording fire insurance agent from accepting fire insurance business and paying a commission thereon to a life insurance agent.'

"'The only thing we can find on this in the statutes is Article 5060 captioned 'Commission to Non-residents.' This article prohibits the payment of commission on Texas business to a non-resident of Texas and then goes on to say 'or to any person or persons, agent, firm, or corporation not duly licensed by the Commissioner of Insurance of this State as a fire, fire and marine, marine, tornado, rent accident, casualty, liability, health, elevator, disability, plate glass, burglary, bonding, title, surety or fidelity insurance agent.'

"'You will note that mention is made of accident, health and disability insurance although no mention is made of life insurance. Now then, every life insurance agent's license reads in heavy type across the top of the certificate, 'Life, Health, Accident and Disability.' So it would seem that the law specifically provides that a duly licensed fire insurance agent may perfectly legally and properly pay a commission to an agent who holds a license from the Board of Insurance Commissioners to write accident, health and disability insurance; and the fact that the same license includes life insurance would seem to have no bearing.

"We would appreciate very much your opinion on this angle.'

"Your opinion of November 6, appears wholly logical to this Department; however, in view of the doubt expressed by Mr. Larkin, recording agent, Houston, we request that your office reconsider the above numbered opinion."

Our Opinion No. O-1598, was in response to your question which reads as follows:

"Does the license issued by the Life Insurance Department of the Board of Insurance Commissioners, and held by a life insurance agent, authorize that agent to accept a commission fire or casualty insurance business when such agent does not hold a recording or soliciting agents license as prescribed by law under Article 5062a, Vernon's Annotated Civil Statutes?"

In answer to the above question it was held in our original Opinion No. O-1598 that "you are therefore respectfully advised that it is the opinion of this department that the license issued by the life Insurance Department, of the Board of Insurance Commissioners, would not authorize the agent holding such license to also act as agent, as that term is defined in Article 5056, supra, for fire or casualty insurance companies. Accordingly, under the facts as set out in your letter, we answer your question in the negative."

You state in your letter above quoted that the question was not "Would a life insurance solicitor have a right to solicit or receive a commission on fire insurance" but, "Does the law prevent a recording fire insurance agent from accepting fire insurance business and paying a commission thereon to a life insurance agent."

It appears to us that the two questions are identical in effect and that the same answer would naturally apply to both questions.

Article 5060, Vernon's Annotated Civil Statutes, reads as follows:

"Any person, agent, firm or corporation licensed by the Commissioner to act as a fire and marine, marine, tornado, rent accident, casualty, liability, health, elevator, disability, plate glass, burglary, bonding, title, surety, or fidelity insurance agent in the State of Texas, is hereby prohibited from paying directly or indirectly, any commission, brokerage or other valuable consideration on account of any policy or policies covering property, person or persons in this State, to any person, persons, agent firm or corporation that is a non-resident of this State, or to any person or persons, agent, firm or corporation not duly licensed by the Commissioner of Insurance in this State, as a fire account, fire and marine, marine, tornado, rent, accident, casuality, liability, health, elevator, disability, plate glass, burglary, bonding, title, surety or fidelity insurance agent."

Article 572, Vernon's Annotated Penal Code, makes it a penal offense for any individual to solicit insurance in behalf of any insurance company without a certificate of authority to act as agent or solicitor for such company, or after such certificate of authority shall have been cancelled or revoked.

Article 5055, Vernon's Annotated Civil Statutes, provides that "it shall not be lawful for any person to act within this State as agent, or otherwise, in soliciting or receiving applications for insurance of any kind whatever, or in any manner to aid in the transaction of the business of any insurance company incorporated in this State, or out of it, without first procuring a certificate of authority from the Commissioner."

Article 5056, Vernon's Annotated Civil Statutes, defines who are insurance agents, which definition would include anyone bringing fire or casualty insurance business into the office of a licensed fire and casualty recording agent, upon which he accepts commissions.

Article 5062a, Vernon's Annotated Civil Statutes, regulates the licensing of recording agents and solicitors to represent insurance companies; such Article reads, in part, as follows:

> "No provision of this act shall apply to the life insurance business or the life department of the companies engaged therein...."

In 1933, there was enacted by the 43rd Legislature what is now Article 5068b, Vernon's Annotated Civil Statutes, which, among other things, regulated the licensing of agents of life insurance companies, accident insurance companies, etc.  It is significant that at the time of the enactment of this statute regulating the licensing of life insurance agents, there had already been enacted the above statute regulating licensing of insurance agents other than those pertaining to the life insurance business.

As stated in our original Opinion No. O-1598 that "these statutes evidence a clear legislative intent to require ooth the licensing of life insurance agents and fire and casualty company agents." Article 5062a, supra, specifically excepts life insurance agents from its operation.  Article 5068b, supra, by its terms applies only to "an agent for a life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company or association, or organization, local mutual aid association , or state wide mutual associations soliciting or writing insurance in the State of Texas, as the term agent is elsewhere defined in the law."

Under the above mentioned statutes any person soliciting fire insurance and receiving a commission thereon would be an agent of the fire insurance company and would not be authorized to act as an agent for said company unless such agent was duly authorized and had a license to act for the fire insurance company.  The fact that the agent holds a life, health, accident and disability certificate would not authorize him to act as the agent of the fire insurance company.  To nold that the law does not prevent a recording fire insurance agent from accepting fire insurance business and paying a commission thereon to a life insurance agent would permit the life insurance agent to evade the above mentioned statutes and do indirectly what he is prohibited from doing directly. As above stated the agent of the life insurance company cannot legally solicit fire insurance business and receive a commission thereon unless he is duly authorized by the Board and has a

license as such.  Therefore, the life insurance agent could not lawfully act as the agent of the fire insurance company without the above mentioned license and it would be unlawful for him to receive a commission on fire insurance business.  It would naturally follow that the recording fire insurance agent could not accept fire insurance business and pay a commission thereon to the life insurance agent, which the life insurance agent could not legally receive.

Trusting that the foregoing fully clarifies our recent Opinion No. O-1598, we are

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS


                         By      Ardell Williams
                                 Assistant

AW:EP:ml

APPROVED JUL. 8, 1940

    GLENN R. LEWIS

ACTING ATTORNEY GENERAL